**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

CHARLES ALLEN SIMPKINS,

                Plaintiff,

v.                                      CIVIL ACTION NO.   2:13-cv-16613

LOGAN COUNTY
SHERIFF'S DEPARTMENT, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant Logan County Sheriff's Department's ("LCSD") motion to dismiss [ECF 9].   For the reasons that follow, the Court **GRANTS IN PART** and **DENIES IN PART** the motion to dismiss.

*I.     BACKGROUND*

Plaintiff, Charles Allen Simpkins ("Plaintiff"), filed this civil action alleging that after calling 911 for assistance concerning a domestic dispute he was arrested and physically assaulted by defendant Logan County Sheriff's Deputy James Brown ("Deputy Brown").[1]  (ECF 1.)   In addition to claims asserted against Deputy Brown, Plaintiff asserts claims under 42 U.S.C. §§ 1983, 1985 and state law against LCSD.[2]  (*Id.*)

---

[1] For purposes of the instant motion to dismiss, the Court takes as true the well-pleaded factual allegations in Plaintiff's Complaint.  In light of Defendant LCSD's narrow legal argument in support of its motion to dismiss, however, such factual allegations are of little significance for disposition of the instant motion.

[2] As against LCSD, Plaintiff's Complaint appears to assert the following claims: (1) supervisory liability under 42 U.S.C. § 1983 (Plaintiff cites to "24 U.S.C. 1983," but the Court presumes that this is a typographical error) (ECF 1 at 7 ("Federal Law Claim—Count I")); (2) conspiracy to deprive Plaintiff of his constitutional rights in violation of 42 U.S.C. §§ 1983, 1985 (ECF 1 at 7−8 ("Federal Law Claims—Count II")); (3) a "constitutional tort action under the

After filing its Answer (ECF 7), LCSD moved pursuant to Federal Rule of Civil Procedure 12(b)(6) for dismissal with prejudice of Plaintiff's claims (ECF 9).

## II.    LEGAL STANDARDS

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."   Allegations "must be simple, concise, and direct" and "[n]o technical form is required."   Fed. R. Civ. P. 8(d)(1).   A motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of a civil complaint.   Fed. R. Civ. P. 12(b)(6); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).   "[I]t does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."   *Republican Party of N. C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   A court decides whether this standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer that "the defendant is liable for the misconduct

West Virginia Constitution" (ECF 1 at 3 ("State Law Claims—Count I")); (4) vicarious liability and the adoption and/or implementation of unlawful policies and customs under state law (ECF 1 at 4 "State Law Claims—Count II")); and (5) negligent hiring, retention, and/or supervision under state law (ECF 1 at 5 ("State Law Claims—Count III")). Plaintiff appears to assert solely against Defendant Brown claims of battery and intentional infliction of emotion distress (ECF 1 at 6−7 ("State Law Claims—Count V and Count VI")).   Finally, to the extent that Plaintiff appears to assert against both defendants a cause of action for punitive damages (ECF 1 at 5 ("State Law Claims—Count IV")), as this Court has elsewhere explained "[a] separate cause of action for punitive damages is not recognized by the State of West Virginia."   *Leo v. Beam Team Inc.*, 2:10-CV-00534, 2012 WL 1111374 at *1 n.2 (S.D. W. Va. Apr. 2, 2012). The Court construes such count as pleading punitive damages as a potential remedy.

alleged." *Id.*   A motion to dismiss will be granted if, "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244.

### III.   DISCUSSION

LCSD argues that it is not a legal entity capable of being sued.   Plaintiff has not responded.[3]

In considering a complaint asserting section 1983 and state law claims against a county sheriff's department, a district court in the Northern District of West Virginia explained:

> This Court finds that the Marshall County Sheriff's Department is not a proper party to this action.   Whereas West Virginia law authorizes a county commission to sue or be sued, *see* W. Va. Code § 7–1–1, state law does not appear to contain any similar provision for county sheriff's offices.   Therefore, the Marshall County Sheriff's Department has no status independent of the Sheriff in his official capacity which would permit that office to sue and be sued. Nor is the Marshall County Sheriff's Department a governing body of—or policy-making entity for—the county.   As the Fourth Circuit has observed, 'in the realm of county law enforcement,' it is not the office of the sheriff but 'the sheriff [who] is the duly delegated policy maker for the county.'   *Revene v. Charles Cnty. Comm'rs,* 882 F.2d 870, 874 (4th Cir. 1989).   Therefore, a claim against the office of the sheriff is 'effectively a claim against the governing body of the of the County.'   *Id.*   Accordingly, the plaintiff has improperly named the Marshall County Sheriff's Department a defendant in this action. Consequently, the complaint

---

[3] This Court does not treat a plaintiff's failure to respond to a motion to dismiss as a per se admission that the motion should be granted.   *See, e.g.*, *Osborne v. Long*, 1:11-CV-00070, 2012 WL 851106, at *10 & n.5 (S.D. W. Va. Mar. 13, 2012) (observing that "Plaintiffs' silence [in response to a motion to dismiss] is, *perhaps*, a concession that [the claim] is unfounded" but nonetheless considering and deciding on the merits the issues presented) (emphasis added). Accordingly, Defendant LCSD must still meet its burden in demonstrating that dismissal is proper pursuant to Fed. R. Civ. P. 12(b)(6).   *See, e.g.*, *Terlosky v. Matthews*, 5:11CV26, 2011 WL 1302238, at *2 (N.D. W. Va. Mar. 31, 2011) (explaining that defendant county sheriff's department still needed to "demonstrate to this Court's satisfaction that it is entitled to the relief requested" where the department moved to dismiss the complaint against it as being brought against an improperly-named party).   The Court notes, however, that Plaintiff's failure to respond to Defendant LCSD's motion to dismiss is unhelpful and unnecessarily increases the burden on the Court.

against the Marshall County Sheriff's Department will be dismissed.

*Terlosky v. Matthews*, 5:11CV26, 2011 WL 1302238, at *2 (N.D. W. Va. Mar. 31, 2011) (Stamp, J.).

The same situation is presented here.   Accordingly, because LCSD is not a legal entity that can be liable for any injury alleged by Plaintiff, the claims against it must be dismissed.   *See, e.g.*, *Revene*, 882 F.2d at 874 (concluding that a "[section 1983] claim against the 'Office of Sheriff' was rightly dismissed on the basis that this 'office' is not a cognizable legal entity separate from the Sheriff in his official capacity and the county government of which this 'office' is simply an agency"); *Ball v. Baker*, 5:10-CV-00955, 2012 WL 4119127, at *10 (S.D. W. Va. Sept. 18, 2012) (in the context of exercising supplemental jurisdiction over plaintiff's common law tort causes of action after finding that plaintiff had failed to plead a section 1983 claim, discussing proper parties against whom such claims could be brought and explaining:   "The Office of the Sheriff of Greenbrier County has no status independent of the Sheriff in his official capacity which would permit that office to be sued.   In West Virginia, it is the county commission that is authorized to sue or be sued.") (internal quotation marks and citation omitted); *Kowalyk v. Hancock Cnty.*, CIV.A. 5:08CV181, 2009 WL 981848, at *2 (N.D. W. Va. Apr. 9, 2009) (dismissing "Hancock County Office of the Sheriff" as not a properly-named party in complaint asserting claims under section 1983 and state law); *Rankin v. Berkeley Cnty. Sheriff's Dep't*, 222 F. Supp. 2d 802, 807 (N.D. W. Va. 2002) (dismissing section 1983 claim against Berkeley County Sheriff's Department because the department was not a separate cognizable legal entity); *cf. Haney v. Cnty. Comm'n, Preston Cnty.*, 575 S.E.2d 434, 437 (W. Va. 2002) (noting that "the Sheriff is not a political subdivision but rather is an employee of a political subdivision").

4

The Court has also considered LCSD's motion to dismiss this case *with* prejudice.   To the extent that Plaintiff's claims are made against an improperly-named party, such claims may not be re-filed for obvious reasons.   However, the Court declines to dismiss with prejudice Plaintiff's claims to the extent that they may be asserted against a properly-named party, should Plaintiff choose to so proceed.   *See, e.g.*, *Deavers v. Spotsylvania Cnty. Sheriff's Dep't*, 3:14CV365-HEH, 2014 WL 2993445, at *1 n.1 (E.D. Va. July 2, 2014) (in civil rights action against county sheriff's deputy, dismissing the county sheriff's department as a named defendant because it was not a proper party but permitting plaintiff to add appropriate party by motion if plaintiff so chose); *Pulse v. Layne*, 3:12-CV-70, 2013 WL 142875, at *4−5 (N.D. W. Va. Jan. 11, 2013) (noting that the "Berkeley County Sheriff's Department has no status independent of the Sheriff in his official capacity which would permit that office to sue and be sued" but permitting amendment to name proper defendant); *Kowalyk*, 2009 WL 981848, at *2 (N.D. W. Va. Apr. 9, 2009) (dismissing claims against defendant "the Hancock County Office of the Sheriff" without prejudice to filing an amended complaint naming proper party).[4]

### IV.    CONCLUSION

For these reasons, the Court **GRANTS IN PART** Defendant Logan County Sheriff's Department motion to dismiss [ECF 9] and **DISMISSES** Plaintiff's Complaint as to Defendant Logan County Sheriff's Department.

**IT IS SO ORDERED**.

---

[4] The Court observes that the Complaint at least twice references a "Defendant Brumfield" (ECF 1 at 2, 4) and at least once references "Defendants West Virginia State Police" (ECF 1at 7).   Although a "Deputy Brumfield" is referenced in body of the Complaint, no "Defendant Brumfield" appears to be named by the Complaint nor does any such defendant appear to have been served in this civil action.   Similarly, the Complaint contains no factual allegations related to the West Virginia State Police nor has that entity in any other way been identified as a defendant in this civil action.   Accordingly, the Court concludes that the remaining defendant is Deputy Brown, who has been sued in both his individual and official capacities.   (ECF 1.)

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record.

ENTER:        August 14, 2014

_____

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE